UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22362-MOORE

GLYNDA HOLCOMB,

    Plaintiff,

v.

EEOC, SOUTH FLORIDA WORKFORCE
INVESTMENT BOARD, CAREER SOURCE OF
SOUTH FL, MIAMI-DADE COUNTY, and
MIAMI-DADE COUNTY ATTORNEY,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on the Application to Proceed in District Court Without Prepayment of Fees or Costs ("Application"), filed by *pro se* Plaintiff Glynda Holcomb. (ECF No. 5). This matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters. (ECF No. 11). Having reviewed Plaintiff's Application, the Amended Complaint, the record as a whole, and being otherwise fully advised in the premises, the undersigned respectfully **RECOMMENDS** that the Application (ECF No. 5) be **DENIED, without prejudice**, that Plaintiff's Motion for Referral to Volunteer Attorney Program (ECF No. 9) be **DENIED, without prejudice**, and that under 28 U.S.C. § 1915(e) the Amended Complaint (ECF No. 26) be **DISMISSED** as set forth below.

1

I.   **BACKGROUND**

Plaintiff Glynda Holcomb, proceeding *pro se*, commenced this action by filing on June 26, 2023 three different documents; each document was titled as a complaint. The Court struck the first and second documents that purported to be Plaintiff's complaints, (ECF Nos. 1, 2), because none of those pleadings were signed, as required by Federal Rule of Civil Procedure 11(a). *See* (ECF No. 19). The third document, which was signed (ECF No. 4), was deemed to be Plaintiff's operative Complaint.

On September 20, 2023, this Court entered a Report and Recommendations screening the Complaint in accordance with the provisions of 28 U.S.C. § 1915(e).[1] *See* (ECF No. 25). Following the entry of that Report and Recommendations, Plaintiff filed three additional documents. Those documents included a "Complaint for Damages and Jury Demand" which was entered on the docket as the Amended Complaint. (ECF No. 26). Plaintiff concurrently filed a document titled "Objections to Recommendations" which was entered on the docket as Objections to the September 20, 2023 Report and Recommendations. (ECF No. 30). Third, Plaintiff filed a document titled "Extension Request to Amend," which was not signed, again as required by Federal Rule of Civil Procedure 11(a); it has since been stricken. *See* (ECF Nos. 28, 29, 33).

In light of the filing of the Amended Complaint, the September 20, 2023 Report and Recommendations was vacated and the matter was recommitted to the undersigned for further consideration in light of the Amended Complaint. (ECF No. 32). The factual allegations in the Amended Complaint largely mirror those advanced in the initial Complaint and are asserted against

---

[1] In the now-vacated Report and Recommendations, the Court found that Plaintiff's Complaint (i) failed to comply with Federal Rule of Civil Procedure 10(b) for not using numbered paragraphs, (ii) failed to identify the specific claims asserted against the defendants, (iii) named defendants without alleging that those defendants committed any acts or omissions that aggrieved Plaintiff, and (iv) was a shotgun pleading under Eleventh Circuit jurisprudence because the Complaint asserted multiple claims against multiple defendants without specifying which defendant was responsible for which acts or omissions or which defendants Plaintiff's claims were brought against. (ECF No. 25).

2

Defendants EEOC, South Florida Workforce Investment Board, CareerSource of South Florida, Miami-Dade County, and the Miami-Dade County Attorney. Broadly, Plaintiff claims that she was denied employment applications for work vacancies announced by CareerSource at its Northwest 27th Avenue location in Miami and its 240 East 1st Avenue location in Hialeah, based on race. The allegations are as follows.

Plaintiff avers that she visited the Miami and Hialeah CareerSource locations above to complete job applications, assessments, and forms between November 2019 and February 2020. Plaintiff directed her attention to applying for jobs within local government, at the Miami International Airport, and with the U.S. Census Bureau. Plaintiff first went to the Hialeah CareerSource location to apply for a job with the U.S. Census Bureau. She claims she was denied entry into the room where she could submit her application. Plaintiff asserts that she learned from another Black job applicant outside that the U.S. Census Bureau was onsite and taking applications. Plaintiff claims that the staff only allowed Latino applicants.

On another day, Plaintiff visited a different CareerSource location where applications were being accepted for jobs at the Miami International Airport. She had completed all documents and assessments prior to her visit. When Plaintiff was instructed to go to the application room, a liaison at the location, whom Plaintiff identifies as a male and Latino, greeted Plaintiff in Spanish. When Plaintiff responded in English, the liaison rose from his seat and stormed out of the room in anger. Plaintiff alleges that the liaison then yelled at CareerSource staff for directing Plaintiff into the room. Plaintiff observed that all the applicants in the room submitting applications for jobs at the Miami International Airport were Latino or Hispanic. Plaintiff claims that other Black applicants suggested that she should not have attempted to apply because of a history of discrimination.

Plaintiff contends that South Florida Workforce Investment Board and CareerSource of South

Florida have engaged in exclusionary hiring practices based on race, national origin, and language. She asserts that she was never called by any CareerSource location for a formal interview, assessment, or job offer, and later learned that her profile had been deactivated and marked ineligible for placement.

The Amended Complaint further suggests that Plaintiff at some point submitted a complaint of discrimination to Miami-Dade County, though the circumstances of the complaint are not apparent. Plaintiff claims that Miami-Dade County negligently hired and/or failed to supervise an attorney working in the Miami-Dade County Attorney's Office, in addition to members of the county's Commission for Human Rights.

Relatedly, Plaintiff alleges that the EEOC "received a formal complaint that became a charge in December 2020." (ECF No. 26 at ¶ 36). According to Plaintiff, the assigned investigator mishandled the claim and did not formally investigate. The claim was reinstated in 2021. In addition, "Plaintiff was courtesy copied on what should have been a private email between Miami County Attorney . . . and EEOC staff in 2021. This email contained a dismissal of Plaintiff as a person and grievances per reductionist indifference or prejudice." (*Id.* at ¶ 36). When Plaintiff received information from the EEOC via a Freedom of Information Act request in June 2021, Plaintiff observed that the file was blank and did not contain "investigation listings, findings, or direct actions to obtain details for the incidents grieved." (*Id.* at ¶ 37). At some point, Plaintiff began to experience "intimidation, harassment, verbal attacks, and other heinous acts aboard public transportation, [and] in public spaces," though the connection to her EEOC complaint is not readily apparent. (*Id.* at ¶ 38). Plaintiff avers that she would have experienced grave harm if she did not leave Florida. (*Id.* at ¶ 46).

The instant action is Plaintiff's third lawsuit arising from the circumstances here alleged. *See Holcomb v. EEOC et al.*, No. 1:21-cv-24322-RKA (S.D. Fla.) (complaint dismissed without prejudice

on December 17, 2021 as a shotgun pleading; amended complaint dismissed without prejudice on January 19, 2022 as a shotgun pleading; case dismissed without prejudice on May 12, 2022 for failure to timely perfect service); *Holcomb v. EEOC et al.*, No. 1:22-cv-21530-JLK (S.D. Fla.) (case filed on May 17, 2022; complaint dismissed without prejudice on June 10, 2022 as a shotgun pleading). Based on the foregoing circumstances alleged in Plaintiff's Amended Complaint, Plaintiff asserts at least five, and possibly eight, claims for relief.

Within her first cause of action ("Count 1"), Plaintiff alleges the facts above related to her visits to the CareerSource locations in Miami and Hialeah. It is not apparent if Count 1, which is made out under Section 1983,[2] is asserted against all Defendants, or only against South Florida Workforce Investment Board and CareerSource of South Florida, based on vicarious liability. Count 1 also appears to recite the elements of common law negligence and to some degree appears framed as a claim for failure to take reasonable care to protect Plaintiff's civil rights. (ECF No. 26 at ¶¶ 19–22).

Within her second cause of action ("Count 2"), Plaintiff incorporates all the preceding paragraphs of the Amended Complaint. Plaintiff cites Chapter 11A, Article IV, Sections 11A-25 of the Miami-Dade County Code relating to the negligent mishandling by the Miami-Dade County Commission on Human Rights as to Plaintiff's complaint for human rights violations. It is not apparent if Count 2 is asserted against only Miami-Dade County or against all Defendants.

Plaintiff's third cause of action ("Count 3") is a claim for negligent hiring and/or negligent supervision and is pled in the alternative. It is asserted against Miami-Dade County and relates to the alleged negligent hiring and/or failure to supervise an Assistant County Attorney as well as members

---

[2] 42 U.S.C. § 1983. The Amended Complaint also references "21 U.S.C. § 1983"; the Court is unable to locate a section 1983 within Title 21 of the United States Code.

of the Miami-Dade County Commission on Human Rights. Count 3 incorporates all the preceding paragraphs of the Amended Complaint.

Plaintiff's fourth cause of action ("Count 4") is titled "Civil Rights' Violations." (ECF No. 26 at 6). It incorporates all but one of the preceding paragraphs of the Amended Complaint. Count 4 appears to be asserted against Defendant EEOC and relates to the alleged mishandling of Plaintiff's complaint of discrimination, though the claim cites to actions and omissions by other Defendants, including South Florida Workforce Investment Board and CareerSource, as well as non-party Miami-Dade County Commission on Human Rights. Though labeled as a claim seeking to vindicate civil rights violations, Count 4 cites to the Federal Tort Claims Act of 1946 ("FTCA"). (ECF No. 26 at ¶ 40).

Plaintiff's fifth cause of action ("Count 5") is titled "Fair Employment Practices." It incorporates all the preceding paragraphs of the Amended Complaint, as well as multiple paragraphs of the Count itself. Count 5 also appears to relate to the mishandling of her complaint of discrimination. In the absence of any clear pleading to the contrary, the Court assumes this claim is asserted against all Defendants.

The Amended Complaint also seems to advance three additional, unnumbered causes of action. For what the Court construes as Plaintiff's sixth cause of action ("Count 6"), titled "Statement of Claims for Relief 42 U.S.C. § 1983," Plaintiff asserts a general claim under Section 1983 against all Defendants. Plaintiff claims in this cause of action that the EEOC is liable under Section 1983 "via collusion," (ECF No. 26 at ¶ 67), and a non-party "Defendant Denver" failed to properly train, supervise, and discipline officers with respect to Plaintiff's Fourth Amendment rights. Count 6 does not identify which of Plaintiff's federal constitutional rights were violated. Count 6 also incorporates

all of the preceding paragraphs in the Amended Complaint, all of itself, and part of the next cause of action.

Next, Plaintiff asserts an "Additional Claim for Relief and PTSD," which the Court construes as Plaintiff's seventh cause of action ("Count 7"). Count 7 incorporates all preceding paragraphs in the Amended Complaint, all of itself, and all of what the Court construes as Plaintiff's eighth cause of action. Count 7 is asserted against all Defendants. Count 7 resembles a common law claim for intentional infliction of emotional distress, in that Plaintiff alleges that she suffered emotional stress from Defendants' objectively unreasonable actions.

Last, Plaintiff asserts a "Third Claim for Relief Legal Malpractice" which the Court construes as Plaintiff's eighth cause of action ("Count 8"). Count 8 incorporates all of the preceding paragraphs in the Amended Complaint, all of itself, as well as paragraphs that do not exist in the Amended Complaint. Count 8 is pled to "call[] the Court['s] attention to the previous paragraphs that reveal an interdependent relationship." (ECF No. 26 at ¶ 77). Count 8 also references a pro bono program.

Based on the foregoing, Plaintiff seeks multiple forms of relief. She seeks injunctive relief, to include "[t]hose garnishable from Miami-Dade County," compensatory damages, punitive damages, and special damages. Plaintiff requests that the damages be paid to her in a one-time lump sum payment. Plaintiff appears to estimate her damages at $593,682.00, representing three years of lost wages. Although, Plaintiff also asserts that millions of dollars in damages are appropriate because, "[a]t a minimum, a default judgment must be at least seven figures with a multiplier of five for the three-year duration." (ECF No. 26 at 11–12).

Now, Plaintiff's Amended Complaint is before the undersigned for screening in accordance with the provisions of 28 U.S.C. § 1915(e).[3]

---

[3] The Court should accept Plaintiff's Amended Complaint as a timely filed amendment as a matter of course under Federal Rule of Civil Procedure 15(a)(1). *See* Fed. R. Civ. P. 15(a)(1).

## II.     LEGAL STANDARD

Under Section 1915(e), "court[s] shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," notwithstanding any filing fee or portion thereof that may have been paid. 28 U.S.C. § 1915(e)(2)(B); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) (emphasis added) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, *prisoners and non-prisoners alike*.").

The standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal under Rule 12(b)(6) is appropriate when the facts as pled do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on "clearly baseless" factual allegations, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when the plaintiff ostensibly has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (internal quotations and citations omitted). In determining whether to dismiss a *pro se* plaintiff's complaint, the allegations are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a plaintiff is not held to a high standard in a motion to dismiss for failure to state a

claim, the Federal Rules require "a short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds it rests upon. *See* Fed. R. Civ. P. 8(a); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Moreover, "[u]nder § 1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). Although district courts must liberally construe *pro se* pleadings, courts are not required to rewrite complaints to create a viable cause of action where one does not otherwise exist. *GJR Invs. v. County of Escambia*, 132 F. 3d 1359, 1369 (11th Cir. 1998).

**III.   DISCUSSION**

As with Plaintiff's two prior lawsuits and Plaintiff's initial Complaint filed in this action (ECF No. 4), Plaintiff's Amended Complaint (ECF No. 26) is a shotgun pleading that impedes the ability to ascertain what claims are asserted against which Defendants based on which particular acts and omissions. For this reason, the District Court should dismiss Plaintiff's Amended Complaint, with leave to amend, and deny Plaintiff's Motion for Referral to Volunteer Attorney Program and Application for leave to proceed *in forma pauperis* without prejudice.

As noted above, Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Like the initial Complaint, the Amended Complaint is a shotgun pleading that does not meet these minimum pleading standards. The Eleventh Circuit has provided substantial guidance on shotgun pleadings, identifying four such categories:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the

> last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). A district court may dismiss a complaint as a shotgun pleading on that basis alone. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (citing *Weiland*, 792 F.3d at 1320).

The Court finds that Plaintiff's Amended Complaint is an impermissible shotgun pleading in multiple respects.

First, the Amended Complaint falls into the first category of impermissible shotgun pleadings because it asserts multiple counts where each count adopts the allegations of all the preceding counts. Specifically, Counts 2, 3, and 4 each incorporate all of the paragraphs preceding those Counts, causing each of those Counts to carry all that came before. Count 5 incorporates all the preceding Counts in addition to multiple paragraphs within itself, Count 5. Count 6 incorporates all of the preceding Counts, all of itself, and part of Count 7. Count 7 incorporates all of the preceding Counts, all of itself, and all of Count 8. And Count 8 incorporates all of the preceding Counts and all of itself, as well as paragraphs that do not exist in the Amended Complaint.

Second, the Amended Complaint does not clearly identify which claims are asserted against which Defendants. None of Plaintiff's claims precisely identify which Defendant the claim is asserted against. The Amended Complaint can be read as asserting all eight Counts against each of the Defendants. In this respect, the Amended Complaint impermissibly asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Indeed, Count 1 appears to attribute the acts and omissions that aggrieved Plaintiff to South Florida Workforce Investment Board and CareerSource, but nonetheless alleges that the claim is brought against all Defendants. Count 2 appears to relate to Defendant Miami-Dade County's liability for actions and omissions by the Miami-Dade County Commission on Human Rights, but Count 2 later charges all Defendants with negligence. Count 6 likewise seeks to hold all Defendants liable for unspecified violations of constitutional rights. Count 7 appears to assert a claim for intentional infliction of emotional distress against all Defendants. It is difficult to ascertain whether any of Plaintiff's claims are duplicative of one another.

Third, the Amended Complaint contains immaterial facts. For example, the connection between Miami-Dade County having "34 incorporated municipalities and has some unincorporated zone[s]," and Plaintiff's claim for "Civil Rights' Violations" (Count 4), is not readily apparent. (ECF No. 26 at ¶ 42). Nor is it clear why the Amended Complaint references Florida Governor Ron DeSantis in the same claim. (*Id.* at ¶ 41). In addition, Plaintiff has pled facts regarding the Superbowl LIV in Count 1 when she does not allege that she applied for any jobs in connection with that event. (*Id.* at ¶ 15). Moreover, Count 6 references the failure of a "Defendant Denver" to train, supervise, and discipline officers with respect to Plaintiff's Fourth Amendment rights. (*Id.* at ¶ 68). The

Amended Complaint does not name any Defendant by the name of Denver. Nor is this an action brought for any purported violation of Fourth Amendment rights by law enforcement officers.

Accordingly, the District Court should dismiss the Amended Complaint as an impermissible shotgun pleading and deny the Application for leave to proceed *in forma pauperis* without prejudice.

However, Plaintiff should be afforded leave to amend. The initial Report and Recommendations notified Plaintiff of the deficiencies in her Complaint and recommended that the Complaint be dismissed as a shotgun pleading. (ECF No. 25). The Report and Recommendations has since been vacated and thus is void and a nullity. *See United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) ("Both the *Sigma I* and *Sigma II* opinions have been fully vacated. . . . Both opinions remain vacated, and are officially gone. They have no legal effect whatever. They are void. None of the statements made in either of them has any remaining force and cannot be considered to express the view of this Court."). Accordingly, the instant Report and Recommendations is the first notice to Plaintiff from the Court that her Amended Complaint is a shotgun pleading. The District Court should therefore *sua sponte* afford Plaintiff leave to amend to correct the deficiencies set forth above. *See Vibe Micro*, 878 F.3d at 1296 (holding that when "a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds").

Last, Plaintiff has also requested that her case be referred to the Court's Volunteer Attorney Program, in light of her *pro se* status and request to proceed *in forma pauperis*. (ECF No. 9). The request should be denied without prejudice upon dismissal of the Amended Complaint with leave to amend.

### IV.  RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that

(1) Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs (ECF No. 5) be **DENIED, without prejudice**;

(2) Plaintiff's Motion for Referral to Volunteer Attorney Program (ECF No. 9) be **DENIED, without prejudice**; and,

(3) Plaintiff's Amended Complaint (ECF No. 26) be **DISMISSED**, with leave to amend.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 16th day of October, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore

      Glynda Holcomb
      1 General Delivery
      Hilo, HI 96720
      PRO SE