UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22362-KMM

GLYNDA HOLCOMB,

    Plaintiff,

v.

EEOC, *et al.*,

    Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Report and Recommendations issued by United States Magistrate Judge Lauren F. Louis on October 16, 2023. ("R&R") (ECF No. 35). On July 20, 2023, the Court referred this case to Magistrate Judge Louis to "take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters." (ECF No. 11). In her R&R, Magistrate Judge Louis recommends that *pro se* Plaintiff Glynda Holcomb's ("Plaintiff") Application to Proceed in District Court Without Prepayment of Fees or Costs ("Application") (ECF No. 5) be DENIED, without prejudice, Plaintiff's Motion for Referral to Volunteer Attorney Program (ECF No. 9) be DENIED, without prejudice, and Plaintiff's Amended Complaint (ECF No. 26) be DISMISSED, with leave to amend. R&R at 1. Plaintiff filed objections.[1] ("Obj.") (ECF No. 38). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.    LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Although titled "Motion to Dismiss Requests in ECF 35 With Prejudice," the Court construes ECF No. 38 as Plaintiff's objections to the R&R.

The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions.  *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## II.  DISCUSSION

As set forth in the R&R, Magistrate Judge Louis concludes that Plaintiff's Amended Complaint "is a shotgun pleading that impedes the ability to ascertain what claims are asserted against which Defendants based on which particular acts and omissions." R&R at 9.  Accordingly, Magistrate Judge Louis recommends that this Court dismiss Plaintiff's Amended Complaint, with leave to amend, and deny Plaintiff's Motion for Referral to Volunteer Attorney Program and Application for leave to proceed *in forma pauperis* without prejudice. *Id.*  This Court agrees.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.*  Such a shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996).  Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Est. Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).  Here, Magistrate Judge Louis finds that Plaintiff's Amended Complaint is an impermissible shotgun pleading for three reasons.

First, the Amended Complaint "asserts multiple counts where each count adopts the allegations of all the preceding counts." R&R at 10.  This is a classic example of a shotgun pleading. *See Weiland*, 792 F.3d at 1321 ("The most common type [of shotgun pleading] is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").

Second, Amended Complaint does not clearly identify which claims are asserted against which Defendants. R&R at 11. As Magistrate Judge Louis explains, "[n]one of Plaintiff's claims precisely identify which Defendant the claim is asserted against. The Amended Complaint can be read as asserting all eight Counts against each of the Defendants." *Id.* As a result, the Amended Complaint impermissibly "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.

Third, the Amended Complaint contains immaterial facts. R&R at 11–12. For example, Plaintiff pleads facts regarding the Superbowl LIV in Count 1, but does not allege that she applied for any jobs in connection with that event. (ECF No. 26) ¶ 15. Similarly, Count 6 references the failure of a "Defendant Denver" to "properly train, supervise, and discipline its officers with respect to the Fourth Amendment rights of persons freedom to liberty and privacy." *Id.* ¶ 68. However, the Amended Complaint does not name any "Defendant Denver," nor is this an action brought for any purported violation of Fourth Amendment rights by law enforcement officers. R&R at 11–12. As such, this Court agrees that Plaintiff's Amended Complaint is a shotgun pleading "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

Although Plaintiff filed objections to the R&R, Plaintiff fails articulate any specific objections to Magistrate Judge Louis's factual findings or legal conclusions. *See generally* Obj. Nor does Plaintiff cite to any legal authority to support her objections. *Id.* Accordingly, after careful review, the Court agrees with Magistrate Judge Louis's analysis and finds that the Amended Complaint is a quintessential example of a shotgun pleading.

4

### III. CONCLUSION

UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 35) is ADOPTED. Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs (ECF No. 5) is DENIED, without prejudice. Plaintiff's Motion for Referral to Volunteer Attorney Program (ECF No. 9) is DENIED, without prejudice. Plaintiff's Amended Complaint (ECF No. 26) is DISMISSED WITHOUT PREJUDICE, with leave to amend. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __6th__ day of November, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: Glynda Holcomb
1 General Delivery
Hilo, HI 96720
PRO SE